### THE BOARD OF EDUCATION OF GLENVILLE V. COSGROVE.

1. PLEA OF, BY PARTY NOT A PARTY OF RECORD.

    A party, although not a party of record in a case, yet may so identify himself with it, that the judgment in such case is really for or against him, as the case may be. And he may then set up the judgment in such case as *res adjudicata* in another action brought for or against him involving the same issues as the former suit.

2. WHEN DOCTRINE APPLIES.

    A third party is barred by a former litigation, wherein he was not a party, by reason of his interest, or by reason of his responsibility over to the defendant, which will attach if judgment goes against the defendant, which obligation may rest in covenant or implied obligation; where he has openly defended the action, and where his interposition was complete as shown by his acts.

3. FORM OF ACTION.

    The form of action has no bearing upon the right to plead *res adjudicata*, but the controlling question is whether the issues be the same in both cases, and on this question the court will go into evidence to find what issues were actually tried, if it does not appear on the record itself.

ERROR to the Court of Common Pleas of Cuyahoga county.

CALDWELL, J.

In the summer of 1891, Cosgrove was employed to superintend the schools in the village of Glenville. He commenced his employment, and was paid along until April, 1892. When the pay roll was passed in May, on the 5th of May, 1892, Cosgrove's order was passed the same as all the others that the board was then to act upon, and he was allowed his order of $90.00. The treasurer, Moser, refused to pay the $90.00, and he brought an action to compel Moser to pay him the money on the order issued by the board. That was commenced in this court and tried here, and the court required the treasurer to pay the money to Cosgrove, $90.00. Cosgrove went on and taught during part of that year, until the summer vacation, and the board didn't allow him to teach the coming year. His employment was for two years, commencing in 1891, and ending in 1893. And he brought an action, and this is the action, for his pay for the year in which they did not allow him to teach, which was the second year of his employment.

The same defense is set up substantially to this action that was set up in the other action, that at the time that he entered upon the performance of the contract he was not capable of performing it—legally capable of performing the contract, in that he had no certificate covering the branches that he was to teach; and that being true, that he was not capable of carrying out the contract, and the board had a right to set it aside.

To this, in reply, the plaintiff set up the judgment that he had obtained in regard to the $90—the suit involving the payment to him of the $90, and showed that although that suit was against Moser, the treasurer of the board, and this suit was against the board, yet he undertook to set out such facts as would make the board the real party in the first suit, and plead the first judgment as *res judicata* in this second suit. He

obtained his judgment in the common pleas court, and the board of education brings the action here to have that judgment reversed.

The questions that we have not already decided in this case arise largely out of the introduction of this record into the evidence. Exceptions were taken to its introduction, and at various parts of the record as they were introduced, and it is claimed here that it was error to introduce it, and that the matter should not have been presented to the jury as it was by the court, and that allowing the record in the former case to go before the jury, by the court, was error, and various parts of the charge to the jury are excepted to by the village, and claiming there was error. But all these claims of error involve the one question, whether or not it was proper to plead as *res judicata* a judgment to which the board was not nominally a party. Simply the treasurer was the party to that suit. And those questions are the only ones that we intend to say anything about in this opinion.

The question of the legality of the certificate was determined in the former action. The question of the nature of the contract and the construction of the contract between Cosgrove and the board of education was determined in the former action. As to whether his employment was that of a teacher, or that of merely a superintendent, that was all determined. Whether the board required him to teach certain branches in their employment, or at any time during his employment, was determined in the former action. So that all those questions and all those issues have heretofore been determined by us, and our opinion is furnished us in this case, and we are satisfied with it, and content with it as it stands.

That leaves then simply for consideration now the question of whether it was proper to plead the judgment that was rendered in that case as a bar to the school board in this case when the school board was not nominally a party to that action. It was contended by Cosgrove below, that while the school board was not nominally a party to that action, yet the school board really conducted the defense of Moser, its treasurer; employed the counsel, paid the costs of the action, determined how it should be finally disposed of—whether error should be taken to the supreme court or not; and in fact it was claimed that the board of education took the matter entirely out of the hands of Moser by some resolutions it passed on the 2d day of June, 1892, before the disposition of that suit. The board got together, and after reciting the circumstances as the board understood them—that Cosgrove had no legal certificate; that the board of education had required him to teach certain branches that he was not qualified by law to teach in that he had no certificate to teach them, and that his being unable therefore to comply, or being unprepared to comply with his contract; that the board set aside all relations between Cosgrove and the board. Resolutions to that effect were passed, and the judge charged the jury below that these resolutions were broad enough to cover the $90.00 then in litigation between Moser and Cosgrove, and that it was virtually taking the matter entirely out of the hands of Moser, its treasurer, by canceling really the order that the board had issued and which Cosgrove was seeking to have the treasurer pay.

Now, those resolutions, passed on the 2d day of June, were not before this court on the former trial, so that the suit then proceeded as though the board still had outstanding the order to Cosgrove for the $90.00, and that Moser, as treasurer, was refusing to pay it. Whereas,

### Board of Education v. Cosgrove.

the real facts, as they appear by this bill of exceptions, that existed at the time we decided that suit, was that the board of education had met on the 2d of June, and had canceled that order, so far as they could, by resolution; had canceled that order that they had issued to Cosgrove and which he was seeking to have paid; and by so doing it was contended below that the board of education had taken upon itself the control of that order, had wrested it from the hands of the treasurer, had canceled all authority for him to pay it, as it had canceled the order and he could only pay on an order, and that the board assumed the conduct of the trial from that on; that they appeared and testified in the case, they employed counsel; that they undertook to dispose of the case finally by having the costs charged to the board. Now, there is evidence in this record tending to show that. And the only question, the only legal question in the case, is this: whether a party may so identify himself with the case, that although he is not a party to the record in that case yet may so identify himself with it, and so participate in it, that that judgment in that case he may set up in his favor, if it is really in his favor, or that it may be plead against him if it is really against him.

We have examined the authorities on this question very extensively, but I will not undertake to go into them now. They are cited in Wells on Res Adjudicata and Stare Decisis, sections 15, 16, 17, and in Herman on Estoppel and Res Judicata, sections 156, 157, 158, and Black on Judgments, section 540, and in other places. And as we find the law to be that a third party is barred by a former litigation, wherein he was not a party, by reason of his interest in the subject matter of the former litigation or by reason of his responsibility over to the defendant, which will attach if judgment goes against the defendant, which obligation may rest in covenant or implied obligation; and second, where he has openly defended the action; and third, his interposition must have been complete, as shown by his acts, such as employing the attorney, testifying in the case, being present and aiding in the conduct of the trial, and aiding it with his money, controlling an appeal, and agreeing to pay costs, and things of that kind.

Now, in this suit, if that judgment went against Moser in that former suit as the treasurer of the board, then it was against the board. The board is the party that is to pay; the board is the trustee, the guardian, the controller of this tuition fund, and whatever is paid out of it the board pays, so that any judgment against Moser must be met and paid by the board. Now, that brings the board within one class of persons who may be bound.

Another class is where the liability over is against the party—for instance a surety. Where the principal alone is sued, and the surety appears and takes part in the defense, and is active in it, and does the necessary things in the law to bind a party, there he may be bound because of the liability over to him if he does those things. We do not find that this rule extends out of these two classes. First, it must be a person who is liable if there is a judgment. Second, a person on whom there may be a liability over if there is a judgment against the defendant.

I might say, in one sense, the board belongs to both these classes. If there was a judgment against Moser, the board must pay it. If there was a judgment against Moser, and he still did not pay it because the board would not allow him to use the funds that way, then he may have compelled the board to submit to that judgment.

Well now, we find in looking at the facts in this case, that there is evidence tending to show, and sufficient for the jury's finding, we think, that the board of education did openly defend this action, and that they interposed is manifested and shown, not only by their acts during the trial in being present, but there is evidence tending to show that they employed the counsel, and that they were here and testified in the case: and the evidence would tend to show that that was a voluntary appearance as witnesses on their part. Some of the members were present, of course not all, and that they were here present and aiding and doing all they could to conduct the trial, and assisting Moser in every way they could to defeat Cosgrove in that suit. And those resolutions that I speak of, on the 2d of June, were one step the board took to aid him. It simply canceled all outstanding obligations on the part of the board, to Cosgrove, as well as all future obligations under that contract. In fact to wipe out all obligations, whether past or present, was the effect or the attempt of those resolutions, and that showed that the board had changed its mind in regard to this matter, and concluded it was wrong in issuing the order to Cosgrove, and undertook to withdraw it. And there is evidence tending to show that they undertook, the board undertook, to control this matter of taking that case from this court to the supreme court. They authorized the attorney in that case to submit to Cosgrove a certain proposition, and if he would not accept that proposition that attorney should then take the case to the supreme court.

In fact, there is evidence enough, we think, to sustain this verdict on the part of the jury, that the board did have the control of that suit, did control it and manage it, and treat it all through as really the litigation of the board, and that in that suit the board meant by so doing to determine whether or not they could defeat the payment of that order, and if so they could defeat all rights of Cosgrove thereafter under that contract: for the facts that would defeat the issues in the case we tried against Moser, Cosgrove against Moser, were precisely the issues that were tried in this case. Now, what were the issues? And I speak of this because I see that counsel in the brief takes a different view of it. By the issues in cases of this kind we do not mean the judgment that is sought, but we mean the issues made on which testimony is offered, or the issues of law which are really controverted by reason of the facts that are plead in the pleadings. Now, the issues we think are, what kind of a contract did the board make with Cosgrove? Did it cover simply that of superintending the schools, or that of superintending and teaching? What had the board required him to teach? Was he legally qualified to carry out that contract at the time that he entered upon its performance, or any time thereafter was he qualified? Now, those were the issues that were tried in the first case. Those are precisely the issues that the board of education tender in this case. That being true, the fact that a mandamus was asked in one case, and personal judgment in another, does not so alter the issues of the two cases as to make them different. The form of action has nothing to do with this matter of pleading in matter of *res adjudicata.* The form of the two actions may differ. That has been decided in our own state in the tenth Ohio state. That is not the controlling matter, but controlling matter is whether the issues were the same, the parties the same. And in looking to see who were the parties, or looking to see what the issues were, the court will go into evidence to determine what issues were actually tried, if it does not ap-

pear by the record itself, and to determine who the parties were, if it does not appear who the real parties were, and it is plead that one party was merely nominal and another the real party; the court will then go into evidence to determine who the real parties are. That was done in this case, and there was sufficient evidence, we think, to connect the board with that former trial and former judgment, owing to its relation to this treasurer, to make the law entirely applicable that was given by the judge to the jury. The judge left it in fact to the jury to determine whether the board by its resolution on the 2d of June, 1892, took the matter almost entirely out of the hands of the treasurer, and thereafter conducted the suit and the entire defense itself, looking forward no doubt at the time to the nullifying of the entire contract, for the coming year, or from the time of the judgment in that case, whether, in favor of the treasurer or of the board.

We find no error, and we affirm the judgment.

*P. H. Kaiser*, County Solicitor, for Plaintiff in Error.

*Marvin & Shupe*, for Defendant in Error.